IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

```
SOUTHERN DISTRICT OF MISSISSIPPI
        F I L E D
      FEB 1 5 2005
      J. T. NOBLIN, CLERK
BY_____ DEPUTY
```

| | |
|---|---|
| JACKSON WOMEN'S HEALTH ORGANIZATION, on behalf of itself and its patients seeking abortions,<br><br>Plaintiff,<br><br>v.<br><br>BRIAN W. AMY, in his official capacity as State Health Officer for the Mississippi State Department of Health and his agents and successors; S. MALCOLM O. HARRISON, in his official capacity as Hinds County Attorney and his agents and successors; and HALEY BARBOUR, in his official capacity as Governor for the State of Mississippi and his agents and successors,<br><br>Defendants. | CIVIL ACTION<br>CASE NO. 3:04cv495 |

## AMENDED COMPLAINT

Plaintiff, by and through its undersigned attorneys, brings this complaint against the defendants, their agents and successors in office, and in support thereof avers the following:

1. This is a facial and as-applied challenge to a prohibition on the performance of second-trimester abortions in Mississippi except in licensed hospitals or Ambulatory Surgical Facilities ("ASF"). House Bill 1038 ("An Act to amend Section 41-75-1, Mississippi Code of 1972, to provide that abortion procedures after the first trimester shall be performed only at an ambulatory surgical facility or hospital licensed to perform that service; and for related purposes.") ("Act") (attached to Complaint as Exhibit A).

2. No regular provider of abortion services is currently licensed as a hospital or ASF in Mississippi, and, by operation of Mississippi law as construed and applied by defendants, no

1

such provider can become so licensed. Moreover, in Mississippi no licensed ASF provides second-trimester abortions, no private hospital permits the performance of abortions, and public hospitals only permit abortions where necessary to prevent the women's death, where the pregnancy is the result of rape or incest, or in cases of fatal fetal anomalies. Accordingly, the Act effectively requires that all second-trimester abortions be performed in hospitals and effectively bans the performance of virtually all second-trimester abortions in Mississippi.

3. Plaintiff brings this action under the Fourteenth Amendment of the United States Constitution and 42 U.S.C. § 1983 to enjoin continuing and ongoing violation of the privacy rights of its patients to obtain abortions prior to viability, and its rights to substantive and procedural due process of law.

4. Plaintiff seeks injunctive and declaratory relief to prevent irreparable harm to its patients seeking abortions after the first trimester of pregnancy. Plaintiff has no adequate remedy at law.

I.  **Jurisdiction and Venue**

5. This Court has jurisdiction under 28 U.S.C. § 1331 because this case arises under the Constitution and laws of the United States and under 28 U.S.C. § 1343(3) because this case seeks to redress the deprivation under color of state law of rights guaranteed by the Constitution of the United States.

6. Venue is proper in this district under 28 U.S.C. § 1391(b)(1) because Defendants reside in this district.

II.     **Statutory Framework**

7.      The Act was signed by the Governor of Mississippi on May 27, 2004 and, by its own term, took effect on July 1, 2004. Act § 2.

8.      Prior to passage of the Act, only abortions "on a fetus aged sixteen weeks or more" were required to be performed in licensed hospitals or ASFs. Earlier abortions could be performed in facilities licensed by the Department as abortion facilities, such as Plaintiff. Such facilities did not need to be licensed as hospitals or ASFs.

9.      Under the Act, the performance of any abortion after the first trimester[1] is prohibited outside of hospitals and ASFs licensed by the Department.

10.     Under Mississippi law as applied and construed by the defendants, no abortion facility in Mississippi is eligible to become licensed as a hospital or an ASF.

11.     Intentional performance of abortions after the first trimester by an abortion facility that is not licensed as a hospital or an ASF is a misdemeanor punishable by daily fines of up to $1,000. Miss. Code § 41-7-209(2). In addition, intentional operation of an abortion facility without the required license is also a misdemeanor punishable by daily fines of up to $1,000. Miss. Code § 41-75-26(1).

III.    **Plaintiff**

12.     Plaintiff JWHO is a licensed abortion facility located in Jackson, Mississippi. JWHO provides abortion services up to 16 weeks as measured by ultrasound. JWHO sues on its own behalf and on behalf of its patients seeking abortions after the first trimester of pregnancy.

IV.     **Defendants**

---

[1] The Act does not define "first-trimester." The first trimester is generally understood to end between 12 to 14 weeks of pregnancy, depending on how duration of pregnancy is measured.

3

13. Defendant Brian W. Amy is the Mississippi State Health Officer. He is charged with operating the State Department of Health and exercising all the authority of the State Board of Health when the Board is not in session. *See* Code Miss. R. 12 000 020, ch.1; Miss. Code § 41-3-5. He is sued in his official capacity.

14. S. Malcolm O. Harrison is the Hinds County Attorney. He is charged with prosecuting misdemeanors that occur in Jackson, Mississippi. He is sued in his official capacity.

15. Haley Barbour is the Governor of the State of Mississippi. He is charged with seeing that all the laws of Mississippi are faithfully executed. He is also charged with supervising the official conduct of all executive and ministerial officers. Miss. Code § 7-1-5.

## V.   Factual Allegations

16. According to the Mississippi Department of Health, in 2002, approximately 331 abortions were performed in Mississippi after 12 weeks of pregnancy. Upon information and belief, a similar number of abortions after 12 weeks of pregnancy will be performed in the 12 month period commencing July 1, 2004 absent enforcement of the Act. Of the approximately 331 post 12-week abortions performed in Mississippi in 2002, fewer than 20 were performed in hospitals, and none were performed in licensed ASFs.

17. JWHO currently provides abortions up to 16 weeks of pregnancy as measured by ultrasound.

18. JWHO has applied for an ASF license and a provisional license in order to continue providing second-trimester abortions. By operation of Mississippi law as construed and applied by the defendants, the Department will not grant either an ASF license or a provisional license to Plaintiff or any other licensed abortion facility.

19. Accordingly, absent injunctive relief from this Court, Plaintiff must either cease performing abortions after the first trimester of pregnancy or subject itself to criminal penalties.

20. No private hospitals in Mississippi permit the performance of second-trimester abortions. Pursuant to Mississippi state law, public hospitals in the state only permit the performance of abortions when "the abortion is medically necessary to prevent the death of the mother," the pregnancy "result[ed] from an alleged act of rape or incest," or "there is a fetal malformation that is incompatible with the baby being born alive." *See* Miss. Code § 41-41-91.

21. No ASF in Mississippi performs second-trimester abortions, and no licensed abortion facility in Mississippi is licensed as an ASF.

22. Accordingly, if the Act takes effect, all second-trimester abortions in Mississippi will have to be performed in hospitals, and all second-trimester abortion will be banned in Mississippi except for a handful of such abortions that may be performed in extremely limited circumstances at public hospitals.

23. If Plaintiff and other outpatient abortion facilities in Mississippi are unable to continue providing second-trimester abortions, women seeking such abortions will have to obtain them out of state or will be forced to carry their pregnancies to term. Either of these alternatives imposes serious health risks on these women.

## VI.   Causes of Action

### FIRST CAUSE OF ACTION

24. Plaintiff hereby incorporates by reference paragraphs 1-23 above.

25. The Act violates the right to privacy of Plaintiff's patients as guaranteed by the Fourteenth Amendment of the United States Constitution in that it effectively prohibits them

from obtaining abortions in Mississippi after the first trimester of pregnancy except in hospitals and except in extremely limited circumstances.

## SECOND CAUSE OF ACTION

26. Plaintiff hereby incorporate by reference paragraphs 1-25 above.

27. The Act violates Plaintiff's rights guaranteed by the Fourteenth Amendment of the United States Constitution because it deprives them of property and liberty without due process of law.

## THIRD CAUSE OF ACTION

28. Plaintiff hereby incorporates by reference paragraphs 1-27 above.

29. The Act violates Plaintiff's rights guaranteed by the Fourteenth Amendment of the United States Constitution because the Act fails to give Plaintiff fair notice of what conduct the law prohibits.

## VII. Prayer for Relief

WHEREAS, Plaintiff asks this Court to:

A. issue a temporary restraining order, a preliminary injunction and a permanent injunction barring the defendants from enforcing the Act against Plaintiff or its staff;

B. declare that the Act is unconstitutional; and

C. grant such other relief, including attorney's fees and costs under 42 U.S.C. § 1988, as this Court deems just and proper.

Dated: February 15, 2005.                    Respectfully submitted,

                                             BONNIE SCOTT JONES*
                                             SIMON HELLER*
                                             Center for Reproductive Rights
                                             120 Wall Street, 14th Floor

New York, NY 10005
(917) 637-3600
(917) 637-3666 (fax)

_____
S/ MARK WANN (MS Bar # 6936)

MAXEY WANN PLLC
210 East Capitol Street, Suite 1900
Post Office Box 3977
Jackson MS 39207
(601) 355-8855

ATTORNEYS FOR PLAINTIFF

*Motion for *Pro Hac Vice* granted

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the date set forth hereinafter, a true and correct copy of *Plaintiff's Amended Complaint* was sent via United States, postage pre-paid to the following:

Roger Googe
Special Assistant Attorney General
P.O. Box 220
Jackson, Mississippi 39205-0220

Malcolm O. Harrison
County Attorney
440 North Mill Street
Jackson, Mississippi 39205

Brian W. Amy
State Health Officer
570 East Woodrow Wilson
Jackson, Mississippi 39215

Governor Haley Barbour
15th Floor Woolfolk Building
501 West Street
Jackson, Mississippi 39205

Sarah E. Berry
Special Assistant Attorney General
P.O. Box 220
Jackson, Mississippi 39205-0220

Mary Jo Woods, Esquire
Special Assistant Attorney General
Civil Litigation Division
P.O. Box 220
Jackson, Mississippi 39205

This the 15th day of February, 2005.

S/Mark Wann