UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

JACKSON WOMEN'S HEALTH ORGANIZATION, INC., ON BEHALF OF ITSELF AND ITS PATIENTS SEEKING ABORTIONS — PLAINTIFF

VS. — CIVIL ACTION NO. 3:04CV495LN

BRIAN W. AMY, IN HIS OFFICIAL CAPACITY AS STATE HEALTH OFFICER FOR THE MISSISSIPPI STATE DEPARTMENT OF HEALTH AND HIS AGENTS AND SUCCESSORS, S. MALCOLM O. HARRISON, IN HIS OFFICIAL CAPACITY AS HINDS COUNTY ATTORNEY AND HIS AGENTS AND SUCCESSORS, AND HALEY BARBOUR, IN HIS OFFICIAL CAPACITY AS GOVERNOR FOR THE STATE OF MISSISSIPPI AND HIS AGENTS AND SUCCESSORS — DEFENDANTS

AMENDED MEMORANDUM OPINION AND ORDER

This cause is before the court on the motion of plaintiff Jackson Women's Health Organization (JWHO) for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Defendants have responded to the motion and the court, having considered the memoranda of authorities, together with attachments, submitted by the parties, concludes that the motion should be granted.

JWHO filed this action June 29, 2004 challenging, as violative of the Fourteenth Amendment to the United States Constitution, an amendment to Mississippi Code Annotated § 41-75-1 which provides that, effective July 1, 2004, "abortion procedures after the first-trimester shall be performed only at an ambulatory

surgical facility or hospitals licensed to perform that service, and for related purposes." JWHO alleged that in view of the State's position that JWHO was ineligible for licensure as an ambulatory surgical facility, irrespective of whether it met the substantive criteria for licensure, the State, by virtue of the amendment to § 41-75-1, had effectively barred it from performing early second-trimester abortions for reasons wholly unrelated to any actual safety or health concerns. It contended, moreover, that the amendment placed an undue burden on a woman's ability to choose abortion in the second trimester, inasmuch as no regular provider of abortion services in Mississippi is currently licensed as a hospital or ambulatory surgery facility, no licensed ambulatory surgical facility or private hospital in the state currently performs abortions and public hospitals are permitted by law to perform abortions only in extremely limited circumstances, making abortions effectively unavailable in the state of Mississippi beyond the first trimester.

Following an evidentiary hearing on a motion by JWHO for preliminary injunction, this court entered a memorandum opinion and order on July 22, 2004 concluding that injunctive relief was indeed in order. The court first concluded that the State's "effective decision to ban early second-trimester abortions by this plaintiff," by refusing it licensure as an ambulatory surgical facility "without reference to whether it meets the

relevant health and safety criteria," did nothing to further the State's professed desire to protect the health and safety of women who choose abortion.[1] See Jackson Women's Health Organization v. Amy, 330 F. Supp. 2d 820, 824-25 & n.3 (S.D. Miss. 2004) (JWHO) (citing, among other cases, Greenville Women's Clinic v. Bryant, 222 F.3d 157, 198 (2000) (Hamilton, J., dissenting) (citing Planned Parenthood of Southeastern Pennsylvania v. Casey, 505 U.S. 833, 878, 112 S. Ct. 2791 (1992), and Akron v. Akron Ctr. for Reproductive Health, 462 U.S. 416, 434-39, 103 S. Ct. 2481, 76 L. Ed. 2d 687 (1983)), where the court observed that "'health regulations which are unnecessary, i.e., not reasonably related to maternal health or which depart from accepted medical practice, cannot withstand constitutional scrutiny and must be invalidated.'"). This court further concluded that plaintiff had in any event shown that the amendment had the effect of unduly burdening a woman's right to choose an abortion, and was thus constitutionally infirm, for, "irrespective of the State's purpose, the effect of the amendment at issue is to make abortions following the first trimester unavailable to women in this State." Id. at 826; see also Planned Parenthood of Southeastern Pennsylvania v. Casey, 505 U.S. 833, 837, 112 S. Ct. 2791, 2799

---

[1] Though explained in greater detail in the court's prior opinion, see JWHO, 330 F. Supp. 22d at 824-25, the State has taken the position that because it is a single-specialty facility, rather than a multi-specialty facility, then under applicable Mississippi Department of Health regulations, JWHO cannot obtain a certificate of need, which is a prerequisite to licensure as an ambulatory surgical facility.

(1992) ("As with any medical procedure, the State may enact regulations to further the health or safety of a woman seeking an abortion, but may not impose unnecessary health regulations that present a substantial obstacle to a woman seeking an abortion."). This court thus enjoined implementation of the amendment.

In its present motion, JWHO contends that, for the same reasons this court granted its motion for preliminary injunction, it is entitled to judgment as a matter of law on its claim that § 41-75-1, as amended, violates women's constitutional right to abortion. In response to JWHO's motion, the State does not challenge JWHO's argument that § 41-75-1, in its current form, effectively bans the performance of second-trimester abortions or that such a ban is unconstitutional as previously found by the court. However, the State argues that the court should nevertheless deny JWHO's motion for summary judgment in view of a recent amendment to § 41-75-1, pursuant to which JWHO, according to the State, "should now become eligible for licensure that would allow it to continue performing second-trimester abortions." This recent amendment, which is to become effective July 1, 2005, provides that abortions performed after the first trimester may be performed "at a Level I abortion facility or an ambulatory facility or hospital licensed to perform that service," and states,

> An abortion facility may apply to be licensed as a Level I facility or a Level II facility by the licensing agency. Level II abortion facilities shall be required

> to meet minimum standards for abortion facilities and minimum standards for ambulatory surgical facilities as established by the licensing agency.

The State submits that if, in fact, JWHO meets the substantive requirements for licensure as an ambulatory surgical facility, as it has contended throughout this litigation, then it would be eligible for licensure under the recent amendment, and that therefore, the recent change in the law "could put an end to the controversy presented in the current litigation," or at the very least creates a genuine issue of material fact relating to JWHO's eligibility for licensure to continue performing second-trimester abortions.

However, JWHO's challenge in this cause is not to the most recent amendment to § 41-75-1 but rather to the amendment which took effect July 1, 2004, and its motion for summary judgment is directed to the current version of the statute, which remains in effect until June 30, 2005.[2] That being the case, the court must conclude that summary judgment is in order, for the <u>current</u> version of § 41-75-1 is unconstitutional as a matter of law. Accordingly, it is ordered that plaintiff's motion for summary judgment is granted.

SO ORDERED this 14th day of June, 2005.

/s/ Tom S. Lee
UNITED STATES DISTRICT JUDGE

[2] The court notes that the magistrate judge has recently denied a motion by the State to stay proceedings in this case pending implementation of the recent amendment.